## Third Department, November, 1980

### (November 3, 1980)

■ In the Matter of the City of Troy, Respondent, v Troy Police Benevolent and Protective Association, Appellant. In the Matter of the Troy Police Benevolent and Protective Association, Appellant, v City of Troy, Respondent. — Motion by appellant Troy Police Benevolent and Protective Association (PBA) for extensions of time to prosecute appeals from orders of Special Term dated November 17, 1978 and September 6, 1979. The papers indicate that in August, 1978 the respondent City of Troy commenced the first above-entitled proceeding to vacate or modify a public arbitration panel's award dated May 10, 1978. This award, made pursuant to subdivision 4 of section 209 of the Civil Service Law, settled certain issues regarding the 1977-1978 collective bargaining agreement which the parties had been unable to resolve. By order dated November 17, 1978 Special Term modified the award after finding that the panel had acted in an arbitrary and capricious manner by changing certain

dates in a salary schedule so as to create a special class of employees which would receive an increase substantially in excess of that awarded to other PBA members. The PBA appealed this determination but the appeal was never perfected and, pursuant to rules of practice, 22 NYCRR 800.12, it was deemed abandoned on November 17, 1979. By the instant motion, filed in August of this year, the PBA seeks permission to now prosecute the appeal. It further appears that on September 6, 1979 an order was made in the second above-entitled proceeding granting the city's motion to confirm an arbitrator's award dated April 12, 1979 which also concerned the 1977-1978 agreement. In essence, the arbitrator had concluded that the agreement, which was signed on June 21, 1978, was subject to the modifications made by Special Term's order dated November 17, 1978. The PBA appealed this order but again failed to perfect the appeal. The instant motion also asks for an extension of time to prosecute this appeal. The PBA's excuse for its lengthy delay in pursuing these appeals is that in August, *1979* it commenced negotiations with the city regarding the proposed employment contract for 1980. According to the PBA, "it was hoped that as part of the give and take process of negotiations, these matters could be settled, thereby eliminating the necessity for further litigation." These negotiations apparently concluded in August, 1980 with the issue of the pending appeals still unresolved. This motion ensued. Insofar as it concerns the appeal from the order dated November 17, 1978, the motion should be denied and the appeal dismissed. By August of 1979, when it is stated negotiations with the city began, over eight months had passed since entry of this order with no effort on the part of the PBA to perfect its appeal. Thereafter, the PBA took no action for an additional period of *one year* until the instant application was made in August, 1980. By this time, over 21 months had passed since entry of the order in question. Certainly the PBA should have moved for an extension of time prior to the expiration of the one-year period, especially when it became apparent that the negotiations commencing in August, 1979 would not soon resolve these matters. Under the circumstances, and considering the relatively simple nature of the subject appeal, the PBA's extended delay is unreasonable and cannot be excused. The request for an extension of time to prosecute the appeal from the order dated September 6, 1979 should be granted since the instant motion was made prior to the expiration of the one-year period and the delay with respect to this appeal has not been excessive. Motion, insofar as it seeks an extension of time to prosecute appeal from order dated November 17, 1978, denied, without costs, and appeal dismissed. Motion for extension of time to prosecute appeal from order dated September 6, 1979 granted, without costs, upon condition appellant files record and brief, within 20 days of the date of the order to be entered hereon. Mahoney, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.